# JOHN A. SPOONER
## v.
## GEORGE R. WARNER ET AL.

1. ACTION ON FOREIGN JUDGMENT—JURISDICTION OF INFERIOR COURT SHOULD BE ALLEGED.—In declaring upon the record of a judgment of a court of inferior and limited jurisdiction, no intendments are indulged in favor of the jurisdiction of such court, but the facts necessary to confer jurisdiction must be distinctly averred.

2. DEBT ON JUDGMENT—FORM OF ENTRY OF JUDGMENT.—In an action of debt on a judgment, the form of recovery should be in debt for the amount of the original judgment, and for the amount of the interest accrued thereon as damages.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding.

Messrs. CHETLAIN & GREGORY, for appellant; contended that a judgment in damages in an action of debt is erroneous, and necessitates a reversal, and cited Jones v. Lloyd et al. Breese, 225; Jackson v. Haskell, 2 Scam. 565; Heyel v. Stapp, 3 Scam. 95; Williams et al. v. Bank of Illinois, 1 Gilm. 667; Mayer v. Hutchinson, 2 Gilm. 266; Wilcoxon v. Roby, 3 Gilm. 475; Hinckly et al. v. West, 4 Gilm. 136; O'Conner v. Mullen, 11 Ill. 57; March v. Wright, 14 Ill. 248; Chapman v. Wright, 20 Ill. 120; Bowman v. Bartley, 21 Ill. 30; Ross v. Taylor, 63 Ill. 215; Caldwell et al. v. Richmond, 64 Ill. 30.

A justice's court being of limited and inferior jurisdiction, there are no intendments in aid of its jurisdiction, and the declaration should state facts sufficient to show jurisdiction: Sollers v. Lawrence, Willes, 413; Logan v. Siggerson, 2 Blackf. 266; Wheeler v. Raymond, 8 Cow. 311; People v. Koeber, 7 Hill, 39; Lawton v. Irwin, 9 Wend. 233; Bridge v. Ford, 4 Mass. 641; Cleveland v. Rogers, 6 Wend. 438; Mills v. Martin, 19 Johns. 7; Cornell v. Barnes, 7 Hill, 35; Turner v. Roby, 3 N. Y. 193; Von Kittler v. Johnson, 57 Ill. 109; Kilgore v. Ferguson, 77 Ill. 213.

Mr. HERBERT B. JOHNSON, for appellees; that the jurisdiction of the court sufficiently appears by the declaration, cited R. R. I. R. R. Co. v. Steele, 69 Ill. 253; Bowden v. Bowden, 75 Ill. 111; Culver v. Hide & Leather Bank, 78 Ill. 625; Choate v. Hathaway, 73 Ill. 518; Barnes v. Harris, 3 Barb. 607; Hubbard v. Davis, 1 Aiken, 296; Goodsell v. Leonard, 23 Mich. 374; Trader v. McKee, 1 Scam. 558; Rae v. Hurlburt, 17 Ill. 579; Phillips on Ev. 210; Stephen's Pl. 304; I Chitty's Pl. 370.

MURPHY, P. J.   This was an action of debt commenced in the County Court of Cook county, by the appellees, upon a foreign judgment, rendered by a justice of the peace, for the county of Saratoga, in the State of New York. It appears that the appellees, in declaring on the record, filed one special count, and the common counts.  To the special count, appellant interposed a general demurrer, which, being overruled, the appellees dismissed the common counts, and the appellant, abiding by his demurrer to the special count, and declining to answer further, the court below rendered judgment for the appellees for the sum of $228.38 damage, to which the appellant excepted, and prayed an appeal to this court, and brings the record here and assigns for error the ruling of the court in overruling his demurrer and rendering judgment for the appellees, and in rendering judgment in damages only.  This raises a question of law for our decision, the determination of which will dispose of this case.

It is insisted by the appellant, that the declaration is not good in law, and that the demurrer should have been sustained. This involves a recurrence to some very plain and elementary principles of pleading.  It may be considered the well settled rule of pleading, that in declaring upon the record of a judgment of a court of inferior and limited jurisdiction, no intendments or presumption in favor of such jurisdiction, will be indulged, and that every fact necessary to show jurisdiction in such court must be distinctly averred.  In the earlier history of the science of pleading, the rule was much more stringent than it now is.  But we think no well-considered case can be found to support a judgment founded upon a declaration not

containing such averments. A justice of the peace of the State of New York is conceded to be a court of inferior and limited jurisdiction, and the question raised by this demurrer is whether the count contains sufficient averment of facts to show such jurisdiction. The only averment contained in the declaration, as to the jurisdiction of the court over the parties, is as follows:

And the plaintiffs in fact say: " That the said justice then and there had jurisdiction of the person of the defendant, and that by the statute of that State then in force had jurisdiction of the subject matter adjudicated in that behalf, which said statute is as follows:

" Justices of the peace have civil jurisdiction in actions arising on contracts for the recovery of money only,  . *  * in which the sum claimed does not exceed $200.00, under the code in force December 9, 1876." This, it will be readily seen, is not the averment of a fact at all, but of a conclusion of law, which could only be true upon the supposition that certain facts were present, namely, that due process of law had been duly issued by said court, and served upon the defendants therein, or that he had voluntarily come and submitted himself to the jurisdiction of said court; these facts being established, the conclusion averred would be true as matter of law. But the difficulty, as we think, is that the count contains no averment of these facts, and for that reason we think it was defective, and that the demurrer should have been sustained. Aside from the numerous authorities to this effect, outside of our own State, we think the case of Von Kittler et al. v. Johnson, 57 Ill. 109, is decisive of this one. In that case the court says: " A party who pleads for his defense the order or process of a court of limited and not general jurisdiction must state such facts as will show that the court had jurisdiction of the subject matter of the controversy and of the persons of the parties." It is true in that case the pleading in question was by the defendant, but no difference in principle is perceived, whether the allegation be made by a defendant or plaintiff. It is a full recognition of the doctrine by our own Supreme Court, so uniformly held by the courts of the other States in the country. We are

therefore of the opinion that the demurrer should have been sustained, and that it was error to overrule it.   There is great irregularity, if not error, in the entry of the judgment in the court below.   Inasmuch as the cause will have to be again tried, we have not deemed it necessary to examine with much care the authorities referred to in support of that assignment of error, only considering it necessary to observe that if the plaintiff is entitled to recover at all, the form of· entry of such judgment should be in debt for the amount of original judgment, and for the amount of the interest accrued thereon as damages.   For this error the judgment of the court below is reversed, and cause remanded, with leave to ·the appellees to amend their declaration.

Judgment reversed.